UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARQUES R. LOCKETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-CV-132 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Marques R. Lockett, a *pro se* prisoner, filed a habeas petition challenging a prison disciplinary proceeding. (DE 1.) In MCF # 12-08-0044, Lockett was found guilty of assault with a weapon causing bodily injury. (DE 10-9.) The charge was initiated on July 5, 2012, when Corrections Officer N. Johnson prepared a conduct report stating as follows:

> On above date and approx time [August 5, 2012 at 8:40 p.m.] a Signal 3000 was called on the ¾ side of BHU. I, C/O N. Johnson, was working the ½ side of BHU and after securing the offenders on the ½, I reported to the ¾ to assist. After the unit was cleared of the Signal 3000, I noticed offenders gathered on the ¾ side looking at something. I then noticed Ofd. Garner, Jermaine holding his face and staggering in his cell. When I approached the 400 range, I noticed blood all over the floor. Upon further investigation I saw Ofd. Garner, Jermaine with blood on his face and shirt in his cell. I then secured Ofd. Garner in his cell and notified the shift supervisor. After reviewing DVR footage Ofd. Lockett, Marques (BHU 449) and Ofd. Towne, Perry (BHU 450) were identified as two of the offenders leaving the scene of the assault. I then began a cell search in BHU 449-450. Once in the cell I found a bloody T-shirt and bloody towel. I then communicated to shift supervisor of this incident and both offenders were taken to SCU.

(DE 10-1 at 1.) Attached to the conduct report was a "confidential statement," as well as a photograph of the bloody t-shirt and towel. (*Id.*)

On August 13, 2012, Lockett was notified of the charge and given a copy of the conduct report, absent the confidential statement. (DE 10-1, DE 10-2.) He pled not guilty, requested a lay

advocate, and requested witness statements from three inmates, Ronnie Johnson, Jonathan Clubs, and Michael Hendricks. (DE 10-2.) He also requested review of the surveillance video in the recreation area, which he claimed would show he was playing basketball during the time of the incident, and in the sallyport (the area of entry onto the unit), which he claimed would show that he was not on the unit at the time the incident occurred. (*Id.*) Statements were obtained from Lockett's witnesses, all of whom attested that they were playing basketball with him in the recreation area at the time of this incident. (DE 10-3 to DE 10-5.) The hearing officer did not review the requested video, and instead reviewed video from the dayroom. (DE 10-8.) She summarized the video as showing Lockett in the dayroom at 8:04 p.m. "with a towel over his head." (*Id.*)

On August 22, 2012, a disciplinary hearing was held. (DE 10-9.) In his defense Lockett stated that he was in the recreation area playing basketball at the time of the incident. (*Id.*) The hearing officer considered his statement, along with the video evidence and staff reports, and found him guilty. (*Id.*) As a result he lost 180 days of earned time credits and was demoted to a lower credit-earning class. (*Id.*) After unsuccessfully appealing through the administrative process (DE 10-10, DE 10-11), he filed this petition.

When prisoners lose earned time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). To satisfy

due process, there must also be "some evidence" in the record to support the hearing officer's determination. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Lockett claims that he was denied exculpatory evidence when the hearing officer failed to review all of the surveillance video he requested. (DE 1 at 8-11.) The court finds this claim to be meritorious. A prisoner has a right to call witnesses and present documentary evidence in his defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566; *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). A hearing officer may deny a witness or evidence request that threatens institutional goals or is irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Hearing officers are given a great deal of leeway in handling evidence and witness requests, but they cannot arbitrarily reject a request for no reason. *Whitlock v. Johnson*, 153 F.3d 380, 388 (7th Cir. 1998)

Here, the screening report reflects that Lockett requested the video to be viewed in the recreation area and the sallyport. (DE 10-2.) He asserted, and continues to argue here, that these two videos would show he was playing basketball from 7:00 p.m. to 8:45 p.m. in the recreation area and did not return to the unit until the incident was already over. (DE 1 at 8-11; DE 20.) Lockett did not have a right to review the video himself, but he made a proper request for this evidence, and he had a right to have it considered by the hearing officer unless there was some legitimate reason for excluding it. *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). There is no reason for the exclusion of this evidence contained in the record, and instead it appears the hearing officer either overlooked or ignored his request.

The respondent suggests that there was no need to review the video Lockett requested since another camera showed him in the dayroom at 8:04 p.m. (DE 10.) The court disagrees. Lockett

asserts that the person on the video was not him, and indeed, it is unclear how the hearing officer identified the individual as Lockett since he reportedly had a "towel over his head." (DE 10-8.) Regardless, Lockett was allegedly seen on the dayroom video at 8:04 p.m. (*Id.*) The assault occurred at 8:40 p.m. (DE 10-1.) Surveillance video showing Lockett playing basketball at 8:40 p.m. in another area of the prison, and returning to the unit sometime after the assault had occurred, would certainly constitute exculpatory evidence. However, there is no way to know what is on the video since the hearing officer did not review it as Lockett requested.

The respondent also appears to argue that due process was satisfied because the record contains some evidence of Lockett's guilt, but this cannot excuse the procedural due process error that occurred.[1] *Viens v. Daniels*, 871 F.2d 1328, 1336 n.2 (7th Cir. 1989) (a prison disciplinary body may not arbitrarily refuse to consider exculpatory evidence simply because the record already contains the minimal evidence of guilt required by *Hill*). Due to this error, the guilty finding will be vacated. However, prison officials are free to retry Lockett on this charge if they so choose, assuming they review the surveillance video as he requested. *See Meeks*, 81 F.3d at 722 (double jeopardy principles do not apply in the prison disciplinary context).

For the reasons set forth above, the petition (DE 1) is GRANTED, and the guilty finding in MCF #12-08-0044 is VACATED.

---

[1] Lockett advances an additional claim pertaining to the confidential statement that was withheld from him. (DE 1 at 15-16.) "[P]rison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public[.]" *White*, 266 at 759. Due process does require that confidential information bear sufficient indicia of reliability. *Whitford*, 63 F.3d at 535. Here, the respondent did not submit the confidential statement for *in camera* review, and without reviewing it the court would be unable to determine whether it contains reliable evidence of Lockett's guilt. However, the court need not reach this claim since the guilty finding is being vacated due to the procedural error discussed above.

SO ORDERED.

ENTERED: January 27, 2014

                                                s/William C. Lee  
                                               William C. Lee, Judge  
                                               United States District Court